IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELIAS WILLIAM YUSTE,<br><br>Petitioner,<br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 24-20-GF-BMM<br><br>ORDER |

Petitioner Elias William Yuste ("Yuste"), a pretrial detainee incarcerated at the Cascade County Detention Facility, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 and supplement in support. *See* (Docs. 1 & 1-1.)

**Background**

Yuste was originally charged with Partner or Family Member Assault ("PFMA") in Montana's Eighth Judicial District, Cascade County. While incarcerated for the PFMA, on January 6, 2023, Yuste was subsequently charged with Sexual Intercourse without Consent. (Doc. 1-1 at 1-2.) Attorney Michael

1

Kuntz was appointed to represent Yuste in his state proceedings. (*Id*. at 2.) Yuste asserts that he has not waived his right to a speedy trial and that the 409 days that elapsed have consequently violated his right to a speedy trial. (*Id*. at 3-4); *see also* (Doc. 1 at 4.) Yuste further alleges that Mr. Kuntz has provided ineffective assistance of counsel by failing to: perform an adequate pretrial investigation, file pretrial motions, properly prepare for trial, and spend adequate time consulting with Yuste. (Doc. 1 at 5.) Yuste asks this Court to order his immediate release from custody and dismiss the state criminal charges with prejudice. (*Id*. at 7.)

**Analysis**

Although Yuste filed this action pursuant to 28 U.S.C. § 2254, he is pretrial detainee attacking the validity of his custody status. Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). Section 2241 of Title 28 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White*, 370 F. 3d at 1006). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity require, however, that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner shows the following: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Yuste acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are presently ongoing. *See* (Doc. 1 at 5-7.) The Court independently has reviewed the docket from his criminal proceedings, *see Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (proceedings, orders, and filings in other courts, including state courts, are

the proper subject of judicial notice when directly related to the case at issue), and has confirmed that the matter appears to be set for trial.  Additionally, the docket indicates that the trial date has been continued upon a motion by one of the parties, on at least three separate occasions.[1]  Further, Yuste acknowledges he has not attempted to challenge his detention in any fashion within the state court system. (Doc. 1 at 3-4.)  Thus, to the extent that Yuste presents cognizable federal claims, such claims are presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84.  Yuste's dissatisfaction with the amount of time his state proceedings are taking and his opinion of counsel's performance, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Yuste may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal therefrom.

Yuste has not exhausted his state court remedies and his situation does not

---

[1] *See State v. Yuste*, Cause No. DC-23-03, Filing Nos. 19, 24, and 31.  A copy of the state court docket sheet will be attached to this Order as an exhibit.

involve an adequately "unusual" circumstance. His § 2241 petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Yuste attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Yuste's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to file a copy of the state court docket in *State*

*v. Yuste*, Cause No. DC-23-03, as an exhibit to this Order.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

**DATED** this 3rd day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court